BARRACK, RODOS & BACINE
MARK R. ROSEN (336065)
mrosen@barrack.com
JEFFREY A. BARRACK
jbarrack@barrack.com
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
E-mail: lbarrack@barrack.com
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

STEPHEN R. BASSER
sbasser@barrack.com
SAMUEL M. WARD
sward@barrack.com
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

*Attorneys for Barrack, Rodos & Bacine*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARRACK, RODOS & BACINE,<br><br>                    Plaintiff,<br>v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br>1900 E Street, NW, Washington, D.C. 20415,<br>                    Defendants. | **Case No.**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER <u>FREEDOM OF INFORMATION ACT</u>** |

## I. NATURE OF ACTION

1. Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the production of records concerning a contract entered into between the Office of Personnel Management ("OPM") and WageWorks, Inc. ("WageWorks"), for the administration of federal flexible spending account program services. Defendant has violated FOIA by failing to disclose, and unlawfully withholding, the requested documents.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

3. This court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28, U.S.C. § 2201, *et seq.*

4. Venue is proper under 5. U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III. PARTIES

5. Plaintiff Barrack, Rodos & Bacine ("BR&B") is a law firm that, *inter alia*, represents institutional investors in class actions asserting violations of federal securities laws. Plaintiff is the requestor of the withheld records. Plaintiff is representing itself in this action.

6. Defendant Office of Personnel Management ("OPM") is an agency of the United States, and has possession of and control over the records that Plaintiff seeks. OPM's principal place of business is 1900 E Street, NW, Washington, D.C. 20415.

## IV. STATUTORY FRAMEWORK

7. FOIA promotes open government by providing every person with the right to receive the records of federal agencies upon request. 5 U.S.C. § 552(a)(3)(A).

8. In order to promote public access to government records, FOIA establishes strict deadlines on agencies of the federal government by which they must provide documents responsive to FOIA requests. *Id.* § 552(a)(6)(A).

9.  An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

10. The determination "must at least inform the requestor of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under and FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 108, 186 (D.C. Cir. 2013).

11. An agency may be entitled to one ten-day extension of time to respond to a request upon written notice to the requestor establishing "unusual circumstances" that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

12. An agency must immediately notify the requestor of its determination as to whether to comply with a request, identify the reasons for it, and notify the requestor of the right to appeal any adverse determination. *Id.* § 552(a)(6)(B)(ii).

13. An agency is required to make a FOIA public liaison available to the requestor to assist in limiting the scope of a request to enable its processing within the statutory time limit. *Id.* § 552(a)(6)(B)(ii).

14. The failure of an agency to comply with applicable timing requirements is deemed a constructive denial and satisfies the requestor's burden to exhaust administrative remedies prior to filing suit. *Id.* § 552(a)(6)(C)(i).

15. Upon exhausting administrative remedies, a requestor may petition the court for injunctive and declaratory relief from the agencies unlawful withholding of public records. *Id.* § 552(a)(4)(B).

## V.  STATEMENT OF FACTS

16. On March 2, 2016, the OPM published notice of Solicitation Number OPM35-14-R-0004, a request for proposals ("RFP") relating to management of federal flexible spending account program services. WageWorks and possibly others, responded to the RFP and pursuant to the RFP, WageWorks was ultimately awarded a contract to manage federal flexible spending accounts for the benefit of employees of various federal agencies.

17. The OPM is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and therefore must comply with the nondiscretionary statutory requirements of FOIA.

18. By letter dated March 28, 2018, Plaintiff requested a copy of the following documents pertaining to a contract for services entered into between OPM and WageWorks:

- All contracts between the OPM and WageWorks, including, but not limited to, contracts relating to the administration of the Federal Flexible Spending Account Program.

- All requests for proposal ('RFP's) relating to any contracts between OPM and WageWorks, Inc.

- Any audits or reviews by, or on behalf of, OPM relating to WageWorks' performance pursuant to contracts.

- Communications between OPM and WageWorks relating to or discussing, any potential violation of the terms of any contract between OPM and WageWorks.

- Any communications to WageWorks informing them of audits or investigations relating to any contract referred to above.

- Any invoices received from WageWorks for services rendered.

- Documents sufficient to show, quantify, confirm or identify the number of employees electing to participate in the Flexible Spending Account Program, or FSA programs administered by WageWorks or the participation rates associated with such program(s), including, but not limited to, such documents showing, identifying, confirming, or quantifying such participation for each reporting period from the inception of such program through the present.

- Documents sufficient to identify, establish, guarantee, or account for payments made to WageWorks for its administration of the Flexible Spending Account Program(s) for FSA programs from their inception through the present.

- Documents sufficient to identify the WageWorks personnel who have been active or involved in the administration of the Flexible Spending Account Program provided by [the] Office of Personnel Management or related federal agencies.

A copy of the March 28, 2018 FOIA letter is incorporated by reference and attached as Exhibit A.

19. By letter dated April 5, 2018, OPM acknowledged receipt of Plaintiff's request, assigning it request number 2018-06462, but provided no indication as to when, or whether, it

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

intended to produce the records requested by Plaintiff, in whole or in part. A copy of the April 5, 2018 OPM letter is attached as Exhibit B.

20. By the same letter of April 5, 2018, the OPM acknowledged that it had assigned request number 2018-06462 to a "complex" track and that it would be processed, along with other such requests, on a "first-in, first-out" basis.

21. Plaintiff has received no further response from OPM regarding its FOIA Requests, despite repeated attempts to reach OPM's FOIA officer by telephone. In addition to attempting to reach OPM's FOIA office and FOIA liaison by telephone, Plaintiff attempted to reach the OPM by emails dated August 8, 2018, September 14, 2018, September 25, 2018, and October 9, 2018, the OPM's FOIA liaison was copied on several of these communications.

22. By letter of November 12, 2018, sent via email to both the OPM FOIA office and the OPM FOIA liaison, Plaintiff indicated that, in exchange for a speedy response to its FOIA request, Plaintiff would accept a truncated production of documents. To date, Plaintiff has received no response.

23. Despite concerted effort to work with the OPM, plaintiff has neither received documents pursuant to request number 2018-06462, nor has plaintiff received any indication as to when the OPM intends to respond and what, if any, documents it intends to provide. The OPM has not objected to the FOIA request, nor has it identified any basis upon which it can properly deny the request.

24. While the OPM identifies a public liaison on its webpage, plaintiff's calls and e-mails to that public liaison have received no response.

25. Plaintiff has a statutory right to the records that it seeks. There is no legal basis for Defendant's failure to provide them, nor has Defendants attempted to provide any such legal basis.

26. By failing to provide any substantive response to plaintiff's FOIA request, the OPM has constructively denied the request. Thus, plaintiff has exhausted all administrative remedies.

## VI. CAUSES OF ACTION

### Count I

### Failure to Respond to FOIA Within Statutory Timeframe

27. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth fully herein.

28. In violation of FOIA, specifically 5 U.S.C. § 552(a)(6)(A)(i) and (6)(B), the OPM failed to respond to plaintiff's FOIA request within the statutorily mandated timeframe.

### Count II

### Failure to Produce Responsive Records

29. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth fully herein.

30. In violation of plaintiff's rights under FOIA, specifically 5 U.S.C. § 552(a)(3), the OPM has failed to make reasonable efforts to search for and collect documents responsive to plaintiff's FOIA request.

31. In further violation of FOIA, specifically 5 U.S.C. § 552(a)(3)(A) and (6)(A), the OPM failed to disclose and produce and documents responsive to plaintiff's FOIA request.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(1) Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

(2) Order Defendant to make the requested records available to Plaintiff;

(3) Award Plaintiff its costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(4)  Grant such additional or different relief as this Court may deem just and proper.

DATED:  January 3, 2019

                              BARRACK, RODOS & BACINE
                              MARK R. ROSEN (336065)

                              /s/MARK R. ROSEN
                              MARK R. ROSEN

                              JEFFREY A. BARRACK
                              3300 Two Commerce Square
                              2001 Market Street
                              Philadelphia, PA 19103
                              mrosen@barrack.com
                              jbarrack@barrack.com
                              Telephone: (215) 963-0600
                              Facsimile:  (215) 963-0838

                              STEPHEN R. BASSER
                              SAMUEL M. WARD
                              One America Plaza
                              600 West Broadway, Suite 900
                              San Diego, CA  92101
                              sbasser@barrack.com
                              sward@barrack.com
                              Telephone: (619) 230-0800
                              Facsimile:  (619) 230-1874

                              *Attorneys for Plaintiff Barrack, Rodos & Bacine*